IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HELENA CHEMICAL COMPANY                                              PLAINTIFF

v.                                                          CAUSE NO. 4:11-CV-188-CWR-LRA

YAKNI FARMS, LLC; JAMES TODD                                         DEFENDANTS
MOSLEY; KENNETH H. YORK

**ORDER**

Before the Court is the plaintiff's motion for summary judgment. Docket No. 12. The defendants have responded, Docket No. 15, the plaintiff has replied, Docket No. 16, and the matter is ready for review. The motion will be granted in part and deferred in part, as one of the defendants is currently in bankruptcy. Docket No. 17.[1]

*I.    Factual and Procedural History*

In November 2011, Helena Chemical Company filed a complaint in this Court against defendants Yakni Farms LLC, James Todd Mosley (Yakni's Chief Operating Officer), and Kenneth H. York (Yakni's Chief Executive Officer). Docket No. 1. Helena Chemical alleged that in 2010 it agreed to sell agricultural products to Yakni Farms pursuant to a written contract. *Id.* at 2. Mosley and York guaranteed payment for the products. *Id.* The defendants, however, allegedly breached the contract by failing to pay for their purchases. *Id.* at 2-3. Helena Chemical sought over $84,000 in damages, not including attorney's fees and interest as agreed to in the contract. *Id.* at 3.

In June 2012, Helena Chemical filed the present motion for summary judgment. Docket No. 12. It argues that under the contract and guarantee it is entitled to payment for the goods, attorney's fees, and interest. Attached to the motion are the contract, the guarantee, various invoices, a demand letter, and an affidavit from Helena Chemical's credit manager. Docket No. 12-1.

The defendants concede that they entered into the contract and guarantee, but argue that summary judgment is not warranted. Docket No. 15. Specifically, they disagree that they received all of the invoiced products, authorized deliveries to a third party listed in some of the invoices, or

---

[1] None of the defendants have requested that the Court stay this case in light of the bankruptcy filing. In general, the automatic stay provisions of the bankruptcy act apply to the debtor only. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983). There are exceptions to this rule, *see Am. Honda Fin. Corp. v. Salyer*, No. 3:03-cv-651, 2007 WL 1158114, *2 (S.D. Miss. April 18, 2007), but again, the defendants have not requested a stay.

agreed to be financially responsible for more than $36,950 worth of products delivered to that third party. *Id.* at 4-10. The defendants have itemized a number of purported deficiencies with 14 of the invoices. *Id.* at 4-8.[2]

In rebuttal, Helena Chemical claims it has met its burden and points out that the defendants' response did not attach any evidence. Docket No. 16, at 3-4. It also has submitted a new declaration explaining the agency relationship between the defendants and the third party in question. *Id.* at 5-6; Docket No. 16-1, at 1-4.

After briefing on the motion was complete, plaintiff's counsel notified the Court that Mosley filed for bankruptcy in August 2012. Docket No. 17. Accordingly, in this Order the Court is ruling on the motion for summary judgment as to defendants Yakni Farms and York only. *Id.* at 2.

II.     *Standard of Review*

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). The Court must "view the evidence and draw reasonable inferences in the light most favorable to the non-movant." *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011) (citation omitted).

III.    *Discussion*

The defendants' response brief indeed failed to attach evidence showing a fact issue for trial. It is full of counsel for defendants' unsworn assertions that there are fact issues. That failure means the motion for summary judgment will be granted.

It is well-established that "[a] party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citation omitted); *see* Fed. R. Civ. P. 56(c)(1); *McFaul v. Valenzuela*, 684 F.3d 564 (5th Cir. 2012) ("Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of

---

[2] This section of the defendants' brief lodges various complaints regarding the propriety of jurisdiction, the lack of arbitration, and a counterclaim. Docket No. 15, at 9. The defendants, however, have not moved to dismiss for lack of jurisdiction, moved to compel arbitration, or counterclaimed against Helena Chemical.

evidence.") (citation omitted). As the Fifth Circuit has written,

> We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. . . . If, after adequate time for discovery, a party cannot produce proof that it has facts to support its case, then the case should be resolved at that point[.]

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 (5th Cir. 1994) (en banc) (emphasis and citation omitted).

To the extent the defendants seek to defeat summary judgment by pointing generally to their verified answer, Docket No. 15, at 10 (citing Docket No. 6), that pleading will not suffice because it is self-serving and conclusory. *Bartucci v. Jackson*, No. 04-2977, 2006 WL 2631925, *5 (E.D. La. Sept. 13, 2006) ("while many courts have accepted a plaintiff's own affidavit, deposition, or verified pleadings to defeat summary judgment, a number of courts have rejected this proof when the plaintiff's statements are self-serving and conclusory") (collecting cases). There is no genuine factual dispute that the defendants purchased items for their farm from Helena Chemical, did not pay for them, and are liable for the resulting deficiency.[3]

*IV.    Conclusion*

The motion for summary judgment is granted in part and deferred in part. Helena Chemical is entitled to a judgment against the non-bankrupt defendants in the amount of $84,838.67, not including interest that has accrued since September 14, 2011 at the rate of 1.5% per month, costs, reasonable attorney's fees, and post-judgment interest at the applicable federal rate. Within 14 days, counsel for Helena Chemical shall present the Court with evidence supporting an award of reasonable attorney's fees and costs, as well as a proposed final judgment as to defendants Yakni Farms and Kenneth H. York.

**SO ORDERED**, this the 17th day of October, 2012.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[3] Nor have the defendants conducted any discovery, requested additional time to conduct discovery to respond to the motion for summary judgment, or provided their initial disclosures to Helena Chemical, which were due nearly six months ago.